UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALYA VIGDORCHIK,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, et al.,<br><br>    Defendants. | Case No. 19-cv-03891-HSG<br><br>**ORDER DENYING DISCOVERY**<br><br>Re: Dkt. No. 18 |

Plaintiff Natalya Vigdorchik filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") against Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and the Wells Fargo & Company Long-Term Disability Plan ("the Plan"). Dkt. No. 1. The parties agree that the Court should apply the de novo standard of review to determine whether Plaintiff is entitled to benefits under the Plan, but disagree as to whether the Court should permit discovery. Specifically, Plaintiff seeks discovery "into the credibility, objectivity and independence of experts retained by Defendant Liberty Life." Dkt. No. 18 at 1.

Because Plaintiff has not established that the circumstances in this case "clearly establish that additional evidence is necessary to conduct an adequate *de novo* review," the Court **DENIES** Plaintiff's request for discovery. *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (citation omitted).

## I. LEGAL STANDARD

A denial of ERISA benefits "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S.

101, 115 (1989); *see also Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 923 (9th Cir. 2012) ("ERISA benefit determinations are reviewed de novo, unless the benefit plan provides otherwise."). "If de novo review applies," then the court "proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits, without reference to whether the administrator operated under a conflict of interest." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).

A district court is usually confined to the administrative record when reviewing an ERISA claim but may, in its discretion, consider outside evidence when engaging in de novo review. *See id.* at 969–70. The Ninth Circuit has cautioned that the district court exercise its discretion "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Mongeluzo*, 46 F.3d at 944 (citation omitted). "In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator ... at the time of the determination." *Id.* (citation omitted and alterations in original).

## II. DISCUSSION

Plaintiff seeks to propound interrogatories to "ascertain facts relative to the number of times the particular experts use[d] in this case have submitted reports in a case where Liberty Life was a party, the amounts that such experts have earned from writing such reports, [and] the amounts that the expert witness company that purports to hire and pay these experts have been paid by Liberty Life for such services." Dkt. No. 18 at 3. Plaintiff also asserts that it "may be necessary to depose Liberty Life personnel and/or the expert [sic] themselves." *Id.*

The Court finds that Plaintiff fails to establish that the facts here constitute "exceptional circumstances" warranting discovery. *See Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007). Courts in this district have allowed limited discovery relating to the credibility of medical examiners when a plaintiff clearly established that additional evidence was necessary to conduct an adequate de novo review. *See Brice v. Life Ins. Co. of N. Am.*, No. C 10-04204 JSW, 2011 WL 2837745, at *3 (N.D. Cal. July 18, 2011) (collecting cases). Here, Plaintiff appears to argue that discovery "into the selection of the

2

insurer's experts" should automatically be permitted to "identify whether the experts hired by Liberty Life were 'independent' and 'impartial.'" Dkt. No. 18 at 2. But Plaintiff provides no specific facts suggesting that this evidence is necessary for the Court to evaluate whether Plaintiff has met her burden of establishing disability and entitlement to benefits. Whatever bias is inherent in the role of being a retained expert (for Defendant or for Plaintiff) is obvious, and does not merit discovery in a de novo review case. If the Court were to adopt Plaintiff's reasoning, it would be the "exceptional" case in which discovery would *not* be permitted. The Court does not need to consider any additional evidence about Liberty Life's experts to determine whether Plaintiff was improperly denied benefits, and thus discovery is not warranted.

### III. CONCLUSION

The Court **DENIES** Plaintiff's request to conduct discovery. The Court **SETS** a further case management conference for December 10, 2019 at 2:00 p.m., and **DIRECTS** the parties to file on or before December 3, 2019 a stipulation and proposed order regarding a case schedule. The Court expects that the deadlines for filing briefs and the proposed hearing date will be substantially earlier than those proposed in the parties' joint case management conference statement (Dkt. No. 16 at 5), because the parties no longer need to conduct discovery between now and April 1, 2020 as proposed.

**IT IS SO ORDERED.**

Dated: 11/25/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

3